### BERRENT v. SIMPSON.

#### (Supreme Court, Appellate Term. April 10, 1908.)

EVIDENCE—RES INTER ALIOS ACTA.

In replevin of a pin received by defendant, a licensed pawnbroker, from a third person, the record of the conviction of the third person of the larceny of the pin is incompetent.

109 N.Y.S.—48

Appeal from City Court of New York.

Replevin by Abraham Berrent against William Simpson. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Evidence was admitted of the conviction of the third person, who pledged the property in question to defendant, of the larceny thereof.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Clarence K. McGuire, for appellant.

Gustavus A. Rogers, for respondent.

PER CURIAM. The plaintiff sues the defendant to replevin a pin of the value of $800. The judgment was rendered upon the verdict of a jury in favor of the plaintiff.

The defendant is a licensed pawnbroker and received the pin from one Sherer. Upon the trial, the record of conviction of Sherer was admitted in evidence over the objection and exception of the defendant. We think that its admission was error, which calls for the reversal of this judgment. The record of conviction in the action of People v. Sherer was not competent evidence against the defendant. If Sherer had been acquitted upon the criminal charge, we think no one would suggest that the record of that acquittal would be competent evidence against the plaintiff. Yet it is a poor rule that will not work both ways. If the record was competent for one purpose, it would be competent for the other.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.