### SAPO v. SIMPSON.

(Supreme Court, Appellate Term.  May 27, 1909.)

REPLEVIN (§ 71*)—IDENTITY OF PROPERTY—EVIDENCE.
  In an action to recover certain diamonds delivered to H. on memorandum, and by him pledged to defendant, a pawnbroker, evidence of the indictment of H. and record of his conviction for the larceny of certain diamonds was inadmissible to establish the identity of the diamonds in question.
  [Ed. Note.—For other cases, see Replevin, Dec. Dig. § 71.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Morris Sapo against William Simpson. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Gavegan & McQuaid, for appellant.
Paul Gross, for respondent.

SEABURY, J. The plaintiff seeks to recover from the defendant three diamonds, or the value thereof. The plaintiff was the owner of five diamonds, and on October 16, 1908, he delivered them to Hans Huebner, under a written memorandum which stated that Huebner "received the goods for inspection only and are to be returned on demand." The plaintiff claims that three of these diamonds were pledged by Huebner with the defendant, a pawnbroker, as security for a loan.

The identity of the diamonds which were found in the possession of the defendant was the subject of dispute upon the trial. To aid in the identification of the diamonds, the learned trial justice received in evidence, over the objection and exception of the defendant, the indictment and record of conviction of Huebner for the larceny of certain diamonds. The admission of these papers was clearly error, which requires the reversal of the judgment. Berrent v. Simpson (Sup.) 109 N. Y. Supp. 753.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

DAYTON, J., concurs. LEHMAN, J., concurs in the result.